UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RENE PEREZ; HEATHER PEREZ,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., BAC HOME LOANS SERVICING, LP; RECONTRUST COMPANY, N.A.; AND DOES 1-50, inclusive,<br><br>Defendants. | Case No. C-12-06486-RMW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Re Docket No. 16, 17, 19] |

Defendants move to dismiss all 15 of plaintiffs' claims related to a failed modification of a home mortgage loan. As explained below, the court GRANTS-IN-PART and DENIES-IN-PART defendants' motion and REMANDS the case back to state court.

**I.     BACKGROUND**

This dispute relates to a mortgage that the plaintiffs obtained from Bank of America on their property located in San Jose, California. Second Amended Complaint ("SAC"), Dkt. No. 11. On August 7, 2010, following a renegotiation of the loan, plaintiffs received an approval letter for a trial period Loan Modification Plan requiring monthly payments of $2,367.20. SAC ¶ 19. Thereafter, Ms. Perez called and spoke to an associate about how to make the Trial Loan Modification payments. ¶ 20. Allegedly, the associate informed Ms. Perez that $1,830.00, which remained in her reserves account, would be applied to her first trial modification payment and told her to mail the

difference of $537.20. ¶ 21. Accordingly, the plaintiffs paid $537.20 for the first month and $2,367.20 for the subsequent months. ¶¶ 23-26.

In February 2011, however, plaintiffs' loan modification was denied, due to a "trial plan default." ¶ 27. When Ms. Perez inquired about it, she was informed that the bank had credited only $537.20 toward the first trial payment, having applied the $1,830.00 to the principal balance instead of the trial payment. ¶ 28. The associate informed her that this "misapplication" would be corrected and an appeal was opened. ¶ 29. Bank of America allegedly advised Ms. Perez to keep making the trial loan modification payments of $2,367.20 until the appeal was resolved. *Id.* When Bank of America denied the appeal, Ms. Perez called again, this time speaking to Dennis Meyers, a supervisor, who indicated that the denial was a mistake, and opened a second appeal. ¶ 30-31. While awaiting an answer to their second appeal, plaintiffs received another letter from Bank of America demanding $13,998.57 in order to bring the loan up to date. ¶ 38-39.

Subsequently, plaintiffs received a letter dated June 14, 2011, which appeared to be a denial of Loan Modification. ¶ 40. When Ms. Perez called the bank, an associate informed her that this letter was a denial of the first appeal and an "escalation" was opened regarding the second appeal. ¶ 41. Nevertheless, on July 17, 2011, Bank of America sent another letter to the plaintiffs stating that they owed the bank $16,455.72. ¶ 44. To plaintiffs' surprise, a subsequent letter suggested the bank had been unable to contact plaintiffs to discuss alternatives to foreclosure. ¶ 45-46. Finally, on August 11, 2011, defendants recorded a Notice of Default and Election to Sell on the Property. ¶ 48. Ms. Perez only became aware of the foreclosure on August 15, 2011, when she went online to research her loan. ¶ 47.

Plaintiffs allege that since then defendants have made numerous harassing phone calls per day, including threats to plaintiffs' children. ¶ 141. Plaintiffs Rene Perez and Heather Perez filed a complaint against defendants Bank of America, N.A., individually and as successor by merger to BAC Home Loans Servicing, LP, and ReconTrust Company, N.A. (collectively "defendants") on September 12, 2011. SAC. The parties agreed to a new loan modification on or around July 19, 2012, but the lawsuit continued. ¶ 55.

## II. ANALYSIS

The SAC, which is the operative complaint, alleges the following causes of action: (1) fraud, (2) fraud in the inducement, (3) breach of contract, (4) breach of implied covenant of good faith and fair dealing, (5) unfair competition, (6) violation of California Business and Professions Code section 17200, (7) wrongful foreclosure, (8) intentional infliction of emotional distress, (9) negligence, (10) negligent infliction of emotional distress, (11) willful noncompliance with Fair Credit Reporting Act, (12) negligent noncompliance with Fair Credit Reporting Act, (13) willful violation of Consumer Credit Reporting Agencies Act, (14) negligent violation of Consumer Credit Reporting Agencies Act, and (15) violation of debt collection practices. See SAC ¶¶ 56-142. Defendants move to dismiss each of these claims and, in the alternative, to strike portions of it that demand punitive damages and attorneys' fees. See Mot. to Dismiss, Dkt. No. 16; Mot. to Strike, Dkt. No. 19. The court addresses these arguments below.

### A. State Law Claims

For the reasons explained at the March 29, 2013 hearing, the court denies the motion to dismiss with respect to causes of action 1, 2, 3, 4, 6, 8, 9, 13, and 14. The court grants the motion to dismiss with leave to amend as to causes of action 7 and 10.[1]

### B. Federal Claims

The court grants the motion to dismiss the federal causes of action with prejudice.

#### 1. Fair Credit Reporting Act

Defendants move to dismiss claims that they willfully and negligently violated sections 1681n and 1681o of the Fair Credit Reporting Act ("FCRA") by failing to remove inaccurate credit information that plaintiffs allegedly brought to their attention. 15 U.S.C. § 1681 etc.; Defs.' Br. 20; SAC ¶¶ 114-117, 121-124. Private rights of action under the FCRA are only available for claims arising under subsection § 1681s–2(b). *See Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059–60 (9th Cir. 2002). Subsection 1681s-2(b) imposes a duty upon the furnisher of information to a credit reporting agency (CRA) to review and correct any inaccurate information

---

[1] As best the court could tell, the defendant did not move the fifth cause of action for common law unfair competition. Therefore the court has no opinion on the validity of that claim.

provided by it. *See* § 1681s-2(b)(1); *see also Nelson*, 282 F.3d at 1059-60. However, this duty is triggered "only after the furnisher receives notice of dispute from a CRA." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009). The Ninth Circuit has held that "notice of a dispute received directly from the consumer does not trigger furnishers' duties." *Id; see also Sanai v. Saltz*, 170 Cal. App. 4th 746, 764-65 (Cal. Ct. App. 2009) ("'[A] furnisher of credit information ... has no responsibility to investigate a credit dispute until after it receives notice from a consumer reporting agency. Under the statutory language[,] notification from a consumer is not enough.'"). Plaintiffs admitted at the hearing that they have not filed a dispute with a CRA. *See also* Opp'n 21 (Plaintiffs "plan to file disputes"). Therefore, the court dismisses the claim with prejudice.

### 2. Fair Debt Collection Practices Act

Plaintiffs' final cause of action alleges that the defendants violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692(k), by making numerous harassing phone calls and threatening their children. SAC ¶¶ 140-142. To state a claim under FDCPA, a plaintiff must show: (1) that he is a consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d); (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) that the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a–1692o. *See Creighton v. Emporia Credit Service, Inc.*, 981 F. Supp. 411, 414 (E.D. Va. 1997); *Gutierrez v. Wells Fargo Bank*, 2009 WL 322915, at *2 (N.D. Cal. Feb. 9, 2009) (Illston, J.). Defendants contend that they are not "debt collectors" within the definition of the statute. Defs.' Br. 23. The court agrees.

This court and others have held that "creditors, mortgagors, and mortgage servicing companies are not 'debt collectors' and are exempt from liability under the Act." *Nera v. Am. Home Mortg. Servicing, Inc.*, 2009 WL 2423109, *4 (N.D. Cal. Aug. 5, 2009) (Whyte, J.); *Costantini v. Wachovia Mortg. FSB*, 2009 WL 1810122, *3 (E.D. Cal. June 23, 2009); *Hepler v. Washington Mut. Bank, F.A.*, 2009 WL 1045470, *4 (C.D. Cal. Apr. 17, 2009) (calling it "well settled"). Furthermore, "foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the RFDCPA or the FDCA." *Gamboa v. Tr. Corps & Cent. Mortg. Loan Servicing Co.*, 2009 WL 656285, *4 (N.D. Cal. Mar. 12, 2009) (Conti, J.).

1      Given this clear authority, the motion to dismiss is granted with prejudice.

2  **C.     Judicial Notice**

3      Defendants request judicial notice of a four publicly filed documents related to the property including: the Deed of Trust, Assignment of the Deed of Trust, Coporation Assignment of the Deed of Trust, and Notice of Default.  Request for Judicial Notice, Dkt. No. 17.  A fact is judicially noticeable when it is not subject to reasonable dispute and is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  F.R.E. 201.  All of these documents are recorded in the official records of the Santa Clara County Recorder's Office and plaintiff has not filed an objection to the court taking judicial notice of the documents.  Therefore, notice is proper and notice is granted as to the existence and contents of the documents but not the truth of the contents.

**D.     Standing**

The court finds it no longer has jurisdiction over this case having dismissed the three federal causes of action that formed the sole basis for removal.  See Notice of Removal, Dkt. No. 1.  In the Notice, defendants claimed that federal question jurisdiction was the sole basis for removal.  Id. at 2.  The Notice states that prior to adding the two federal causes of action, the state court action was "non-removable."

At the hearing, the parties suggested that diversity might allow continued jurisdiction by this court, but that basis was waived, if it ever existed.   An action can only be removed within 30 days of receiving a filing from which it could be ascertained that the case was removable.  28 U.S.C. § 1446.  A removal "petition cannot be amended to add a separate basis for removal jurisdiction after the thirty day period."  O'Halloran v. Univ. of Washington, 856 F.2d 1375, 1381 (9th Cir. 1988).  Defendants did not raise diversity as a basis for removal within 30 days of it being ascertainable and therefore it has been waived.  Therefore, the case is subject to remand back to state court and is remanded given the stage of the case.

### III. ORDER

The court DENIES the motion to dismiss causes of action 1, 2, 3, 4, 6, 8, 9, 13, and 14. The court GRANTS the motion to dismiss with leave to amend causes of action 7 and 10. The court GRANTS the motion to dismiss causes of action 11, 12, and 15 and dismisses them with prejudice. The court REMANDS the case back to state court.

Dated: April 8, 2013



RONALD M. WHYTE
United States District Judge